[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage and for other relief brought to the Superior Court for the Judicial District of New Haven.
Many of the underlying facts in this matter are not in dispute. The plaintiff, whose maiden name was Jacqueline Turner, and the defendant were married on May 1, 1960 at San Pablo, California. The plaintiff has resided continuously in the State of Connecticut for at least twelve months preceding the date of the filing of the complaint. The marriage between the parties has broken down irretrievably with no reasonable prospects of reconciliation. The plaintiff and the defendant have no minor children issue of their marriage. The plaintiff had two children born to her during the course of the marriage who are issue of the marriage and who have both reached the age of majority. No other minor children have been born to the plaintiff since the date of marriage of the parties. Neither party is currently receiving assistance from the State of Connecticut.
The plaintiff is 48 years old and the defendant is 54 years old. When the parties married the plaintiff was 17 years old and the defendant was 22 years old. The defendant was in the military service when the parties married. The parties initially lived in the State of California following their marriage for approximately one and one-half years. They then moved to Meriden, Connecticut. The defendant was no longer in the military service when the parties moved to Meriden, Connecticut. In 1969 the plaintiff obtained employment at the Caldor Department Store in Wallingford, Connecticut, working twenty-four hours a week. She has continued to work at Caldor's up to the present time. The two adult children of the marriage were born in 1961 and 1964. Approximately one month after moving to Connecticut the defendant obtained employment at Pratt Whitney. He has continued working at Pratt Whitney from 1961 to the present time. The parties jointly own a family residence at 56 Somer Drive, Meriden, Connecticut. The home was purchased in 1969 for approximately $21,900.00. The plaintiff continues to reside in the family home up to the present time. The plaintiff's present employment at Caldor's includes medical coverage. The defendant's employment at Pratt Whitney also includes medical coverage that is superior to that of the plaintiff's. The plaintiff works a thirty hour work week. She has attempted to obtain full time employment but has been unable to do so. The plaintiff is a Customer Service Associate at Caldor's. Her medical history includes a radical mastectomy in 1975. She also had surgery in 1990 for a sinus problem. She is a high school graduate, having received her degree by attending night school.
The parties are in dispute as to the cause of the breakdown CT Page 10893 of the marriage. The court finds the following additional facts regarding this issue. In September 1989 the plaintiff became aware of the fact that the defendant was having an affair with another woman. She confronted him about having the affair in May 1990 and he admitted that the affair had lasted for approximately six months. The plaintiff filed the present dissolution of action complaint in October of 1990. Between May of 1990 and October of 1990, the plaintiff attempted to save the marriage by unsuccessfully attempting to persuade the defendant to go to marriage counseling. She further attempted to persuade the defendant to stop seeing the other woman. The defendant refused to stop seeing the other woman. The parties had a good marriage until the plaintiff became aware of the defendant's involvement with the other woman. The parties continued to reside in the same household, although in separate rooms, until April of 1991 when the defendant vacated the family residence. In April 1991 the defendant attempted suicide. The plaintiff attempted to see the defendant at the Yale-New Haven Hospital. He was not willing to see her although he did see the other woman with whom he was involved in a relationship. In April of 1991 the plaintiff met another man. She has been involved with this person up to the present time. The plaintiff did not commence to date the man with whom she is involved until the end of July 1991. From the evidence presented, the court finds that the sole reason for the breakdown of the marriage is the defendant's involvement with the other woman.
The assets of the parties consist of the following: The family home at 56 Somer Drive, Meriden, Connecticut, which has a fair market value of $150,000.00 and does not have any mortgage. The parties own a 1983 Honda Civic with a value of $1,500.00 and no lien. The plaintiff owns jewelry with a value of $2,000.00. she has a credit union account with a balance of $165.48, a City, savings account with a balance of $10,268.00, and a PTW credit union account with a balance of $1,200.00. The plaintiff also has pension plan at Caldor's. No evidence was presented as to the current value of that plan. The value of the plan as of the date the plaintiff reaches age 65 is $21,579.00. The plaintiff presently has a gross weekly salary of $255.00. The plaintiff has liabilities consisting of VISA $2,968.00, and Dr. Bruder with a balance of $930.00. The defendant owns a 1982 Subaru with a value of $1,000.00 and no lien. The defendant owns Shopsmith equipment with a value of $1,000.00. He has a credit union savings balance of $713.07, and a credit union checking balance of $129.50. He has a City Savings balance of $37,393.68 and twenty-eight United States Savings Bonds with a present value of $850.00. The parties are in dispute as to the value of the defendant's Pratt Whitney pension plan. The court finds the present value of that plan is $82,108.00. The parties are also in dispute as to the value of the defendant's United Technology savings plan. The court finds CT Page 10894 the present value of that plan to be $71,231.49. The defendant presently has a gross weekly wage of $956.62, which sum includes an $88.99 benefit allowance for medical. He owes the Yale-New Haven Hospital $303.33 and VISA $1,381.10.
On November 28, 1990, at a pendente lite hearing, an order was entered freezing all assets of both the plaintiff and the defendant except for $3,500.00 for each party. Since that date the defendant has reduced his savings by a total of $7,143.00 which has resulted in his having wrongfully depleted $3,643.00 in assets. The court also finds that from the date pendente lite orders were entered, that the defendant has paid on behalf of the plaintiff automobile insurance, homeowner's insurance, and lawn expenses, totalling approximately $1,000.00. Therefore, the net excessive expenditure by the defendant is $2,543.00.
This court has considered and weighed the factors set forth in 46b-81 (c) in determining the issues of assignment of property and has considered and weighed the factors set forth in 46b-82 in determining alimony. This court has also considered and weighed the factors set forth in 46b-62 in determining whether to grant attorneys' fees.
ORDER
The court hereby enters the following orders:
A) The marriage of the parties to this action is hereby dissolved on the grounds of irretrievable breakdown and each of the parties are hereby declared to be single and unmarried.
B) The court enters the following orders by way of alimony:
1) The defendant is ordered to pay to the plaintiff periodic alimony in the amount of $200.00 per week. Said alimony shall terminate upon the earliest of the following events:
a. death of the plaintiff;
b. death of the defendant;
c. remarriage of the plaintiff.
The provisions of 46b-86 (a) and 46b-86 (b) are applicable.
C) The court enters the following orders by way of assignment of property:
1) The defendant is ordered to convey by quitclaim deed to the plaintiff forthwith his interest in the family home at 56 CT Page 10895 Somer Drive, Meriden, Connecticut. All furniture in the family home is awarded to the plaintiff.
2) The defendant is ordered to convey to the plaintiff all of his right, title and interest in the 1983 Honda Civic forthwith.
3) The plaintiff is awarded all of the jewelry, credit union account, City Savings account, and PTW credit union account shown on her financial affidavit.
4) The plaintiff is to pay the VISA and Dr. Bruder liabilities shown on her financial affidavit and hold the defendant harmless therefrom.
5) The defendant is to pay the Yale-New Haven and VISA liabilities shown on his financial affidavit and hold the plaintiff harmless therefrom.
6) The 1982 Subaru shown on the defendant's financial affidavit is awarded solely to the defendant as is the Shopsmith equipment, the credit union savings account in the amount of $713.07, the credit union checking account in the amount of $129.50, and the City Savings account in the amount of $37,393.68, the twenty-eight U.S. Savings Bonds in the amount of $850.00, as well as the United Technology savings plan in the amount of $71,231.49.
7) The defendant is ordered to transfer to the plaintiff one-half of the present value of his Pratt Whitney pension benefits through a qualified domestic relations order. The plaintiff is ordered to transfer to the defendant one-half of the present value of her Caldor's pension benefits through a qualified domestic relations order. This order regarding both pension benefits is intended to be a qualified domestic relations order (QDRO) as the term is used in the Retirement Equity Act of 1984. The court retains jurisdiction over this matter to amend this order in order to establish and/or maintain both the Pratt Whitney and Caldor qualifications as a QDRO under the Act.
D) The court enters the following order by way of attorney's fees:
1) The court orders the defendant to pay to the plaintiff the sum of $2,500.00 as attorneys' fees.
SIDNEY AXLEROD, JUDGE.